1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9   Thomas Morgan,                    )        No. CV 06-346-TUC-FRZ (JCG)
                                       )
10              Plaintiff,             )              **ORDER**
                                       )
11  vs.                               )
                                       )
12  State of Arizona, Arizona Dep0artment of)
    Corrections, et al.,               )
13                                     )
                Defendants             )
14  _____)

15

16          Before the Court for consideration is Defendants' Motion to Dismiss and Plaintiff's

17  Motion for Leave to Amend the Complaint.

18          This matter was referred to the United States Magistrate Judge for all pretrial

19  proceedings and report and recommendation in accordance with the provisions of 28 U.S.C.

20  § 636(b)(1) and LRCiv 72.1 and LRCiv 72.2, Rules of Practice of the United States District

21  Court for the District of Arizona.

22          Magistrate Judge Jennifer C. Guerin issued her Report and Recommendation, filed

23  August 23, 2007, recommending that the District Court, after its independent review of the

24  record:  (1) grant the Defendants' Motion to Dismiss, in part, and (2) grant Plaintiff's Motion

25  to Amend.

26          Defendants filed an objection only to the following portion of the Report and

27  Recommendation, pertaining to the Court allowing Plaintiff to file an amended complaint in

28  order to allege Counts 1, 2, and 3 solely against the State of Arizona.

1

2

3

4

5

6

7

8

9

10

      Defendants contend that amendment of the complaint would be futile, and therefore the Court need not permit amendment. *See Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996). According to Defendants, if Plaintiff amends the complaint to name the State as a party, Defendants will be entitled to dismissal of the complaint as alleged against the State because the Eleventh Amendment protects the State from being sued in federal court without its consent. Defendants waived their Eleventh Amendment immunity, however, by removing this action to federal court. *See Embury v. King,* 361 F.3d 562, 566 (9th Cir. 2004)("removal itself affirmatively invokes federal judicial authority and therefore waives Eleventh Amendment immunity from subsequent exercise of that judicial authority"). This is true despite the fact that the complaint named the ADOC, rather than the State, when it was removed. *See id.* (The removal is the waiver, regardless of whether ... the waiver could also have been effected by subsequent events. Allowing a State to waive immunity to remove a cause to federal court, then "unwaive" it to assert that the federal court could not act, would create a new definition of chutzpah.") In the alternative, Defendants may seek to remand this case back to state court.[1]

11

12

13

      Plaintiff responded to the Defendants' objection, requesting that the Court adopt the Report and Recommendation or, in the alternative, remand this matter to the Arizona Superior Court. No proper motion to remand, however, is before the Court.

14

15

      The Report and Recommendation provides an in-depth analysis and thorough discussion of the facts and issues and matters presented.

16

17

18

      The Court, having made an independent review of the record herein, including Defendants' objection, finds that the Report and Recommendation of Magistrate Judge Guerin shall be adopted as the findings of fact and conclusions of law of this Court in part.

19

20

21

22

23

24

      As suggested in the alternative by the Defendants, the Court will decline to reach the issue of whether the State of Arizona is entitled to Eleventh Amendment immunity, and shall dismiss this action without prejudice, based on the fact, which Plaintiff does not entirely dispute, "the State of Arizona is not and has never been a party to this litigation and, since it has never appeared in this case, has not manifested its clear intent to waive its Eleventh Amendment immunity."[2]

25

26

27

28

     [1]Report and Recommendation, pages 10-11, lines 20-6, footnote omitted.

     [2]Objection to Report and Recommendation, page 5-6.

1    Plaintiff shall be granted leave to file an amended complaint, at which time, either

2    party may move to remand this matter back to state court or raise any viable defense.

3    Based on the foregoing,

4    **IT IS ORDERED** that the Report and Recommendation [Doc. #37] is hereby

5    **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court,

6    in part, with the noted exception that the Court shall decline to reach the issue of whether the

7    State of Arizona is entitled to Eleventh Amendment immunity at this time; accordingly

8    **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [Doc. #17] is

9    **GRANTED in part**;

10   **IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**;

11   **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend [Doc. #27] is

12   **GRANTED;**

13   **IT IS FURTHER ORDERED** that Plaintiff is **granted leave to file an amended**

14   **complaint within thirty (30) days** of the filing date of this Order;

15   **IT IS FURTHER ORDERED** that this matter is referred back to Magistrate Judge

16   Guerin for all pretrial proceedings and report and recommendation in accordance with the

17   provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and LRCiv 72.2.  All filings shall be

18   designated as follows:        **CV 06-346-TUC-FRZ (JCG)**

19

20   DATED this 27th day of September, 2007.

21

22

23   FRANK R. ZAPATA

     United States District Judge

24

25

26

27

28