IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Morgan,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>State of Arizona, Arizona Department of Corrections, *et al.*<br><br>　　　　Defendants. | CV-06-0346-TUC-FRZ (JCG)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Motion for Remand filed on October 30, 2007. (Doc. No. 43.) Defendants filed a response on November 27, 2007 and Plaintiff timely replied. (Doc. Nos. 46, 49.) Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Guerin for a report and recommendation. The Magistrate recommends the District Court, after its independent review of the record, enter an order granting Plaintiff's Motion.

**Factual and Procedural Background**

On June 30, 2006, Plaintiff filed an Amended Complaint in Pima County Superior Court asserting claims against Defendants ADOC, Warden Greg Fizer and Deputy Warden Howard Kinsler. Plaintiff's action arose from events that allegedly occurred while Plaintiff was in the custody of the Arizona Department of Corrections. Plaintiff alleges that the Unit where he was housed aired an episode of the television show *Dateline* that portrayed Plaintiff as a prison informant. (Complaint, ¶23.) Plaintiff alleges that Kinsler and Fizer watched the Dateline program and knew that Plaintiff was housed at the Unit, but took no steps to protect Plaintiff from retribution by fellow inmates. (Complaint, ¶ 24.)  Shortly after the program

aired, Plaintiff was attacked and beaten by inmates for being a "snitch." (Complaint, ¶25.) The complaint presented four claims: (1) negligence and/or gross negligence (against all Defendants), (2) aiding and abetting tortuous conduct (against Defendant ADOC), (3) intentional infliction of emotional distress (against all Defendants), and (4) violation of 42 U.S.C. § 1983 (against all Defendants). (Doc. No. 1.) On July 10, 2006, Defendants removed the action to the District Court of Arizona on the basis of federal question jurisdiction.

On September 27, 2007, the District Court adopted this Court's Report and Recommendations and granted in part a Motion to Dismiss filed by Defendants. (Doc. No. 40.) The District Court concluded that Defendants were entitled to dismissal of Plaintiff's § 1983 claim, but that Plaintiff's state law claims could survive if Plaintiff's complaint were amended in order to allege those claims solely against the State of Arizona pursuant to A.R.S. § 31-201.01(F), which mandates that "[a]ny and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department, within the scope of their legal duty, shall run only against the state." In addition, the Court declined to reach the issue of whether amendment of the complaint would be futile because the State of Arizona, if named, would be protected from suit in federal court pursuant to their Eleventh Amendment immunity. Instead, the Court advised the parties that, following amendment of the complaint, either party would be free to seek remand of this action back to state court. The District Court dismissed Plaintiff's action without prejudice and granted Plaintiff leave to amend his complaint.

On October 29, 2007, Plaintiff filed his amended complaint, which alleges claims against the State of Arizona for negligence and/or gross negligence, aiding and abetting tortuous conduct and intentional infliction of emotional distress. (Doc. No. 42.) Along with his amended complaint, Plaintiff filed the pending Motion for Remand, arguing that this Court should decline to accept jurisdiction over the case now that only state law claims remain.

**Discussion**

By statute "any civil action brought in a State court of which the district courts of the

United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). One category of cases over which the district courts have original jurisdiction are "federal question" cases; that is, those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. *See Gully v. First National Bank*, 299 U.S. 109 (1936). The "well-pleaded complaint rule" is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts. *See Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-12 (1983). Only state court actions that originally could have been filed in federal court may be removed to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *See id.*

      28 U.S.C. §1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, a district court may decline supplemental jurisdiction over state law claims if any of four factors are met: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *See* 28 U.S.C. §1367(c).

      In the present case, Plaintiff's action was removed from state to federal court by the original Defendants because the action included a federal claim under §1983. That claim has now been dismissed, however, and only state law claims remain. Thus, pursuant to 28 U.S.C. §1367(c)(3), it is appropriate for this Court to decline supplemental jurisdiction over

this action. The Supreme Court has stated, and the Ninth Circuit has "often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri v. Varian Associates, Inc*., 114 F.3d 999, 1001 (9th Cir. 1997) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).

Defendant argues that this action should not be remanded but should instead be dismissed pursuant to 28 U.S.C. §1915A, which provides that "the court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it seeks relief from a governmental entity immune from suit. Defendant argues that it is entitled to Eleventh Amendment immunity in federal court and therefore the Court should, before considering Plaintiff's motion for remand, dismiss the action pursuant to 28 U.S.C. §1915A. Section 1915A is ill-suited for application to the present action, however. It is a part of the Prison Litigation Reform Act and was designed to ease the burden placed on the federal courts by frivolous lawsuits filed by *pro se* prisoners proceeding *in forma pauperis*. *See Rand v. Rowland*, 154 F.3d 952, 967 (9th Cir. 1998). This case was originally filed in *state court* by a Plaintiff who, although in prison, is represented by counsel, did not attempt to invoke the jurisdiction of the federal courts, and is not proceeding *in forma pauperis*. Moreover, it is disingenuous of Defendant to argue for application of 28 U.S.C. §1915A on Eleventh Amendment grounds when it was Defendant's counsel who originally sought removal of this case to federal court. Although Defendant's counsel was representing other state defendants at the time, it was Defendant's counsel who sought dismissal of those defendants in favor of an action against the State. To now argue for dismissal of the State, rather than remand, on Eleventh Amendment immunity grounds, would work an unnecessarily harsh and unfair result for the Plaintiff. *Embury v. King*, 361 F.3d 562, 566 (9th Cir. 2004) ("Allowing a State to waive immunity to remove a case to federal court, then 'unwaive' it to assert that the federal court could not act, would create a new definition of chutzpah.") Because it is

4

"entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities," the Magistrate recommends that the Court permit remand of this action. *See Foman v. Davis*, 371 U.S. 178, 181 (1962).

Defendant also argues that this action should not be remanded because Plaintiff's claims are time-barred under Arizona law and because Plaintiff did not comply with an Arizona statute requiring Plaintiff to serve Defendant with a Notice of Claim prior to filing suit.[1] These arguments are appropriately raised in a motion to dismiss or motion for summary judgment; no such motion is currently pending before this Court. Moreover, because these arguments arise solely under Arizona law and concern the merits of Plaintiff's surviving state law claims, this Court would defer to the state court's consideration of these issues – should Defendant raise them – following remand of this case.

**Recommendation**

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING Plaintiff's Motion for Remand. (Doc. No. 43.)

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-06-0346-TUC-FRZ.**

DATED this 26th day of February, 2008.

_____
Jennifer C. Guerin
United States Magistrate Judge

---

[1] It is unclear whether Defendant intends to assert these arguments in their own right or pursuant to the provision of 28 U.S.C. §1915A which directs the court to dismiss, at the screening stage, *pro se* prisoner complaints which fail to state a claim. Either way, the arguments do not entitle Defendant to relief for the reasons stated in this Report and Recommendation.

5